UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ALEX TORRES,<br>               Plaintiff<br>v.<br><br>JOHN E. POTTER, Postmaster General,<br>United States Postal Service,<br>               Defendant | Civil Action: No:<br>C.A. 04-30065-MAP<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

1. The plaintiff, Alex Torres, brings this action against the United States Postal Service (hereinafter referred to as "USPS") for discrimination on the basis of race and/or ethnic origin and retaliation stemming from and relating to the plaintiff's employment with the USPS, pursuant to the Civil Rights Act or 1964, as amended, 42 U.S.C. §2000 ("Title VII").

2. The Plaintiff, Alex Torres, (hereinafter referred to as "Torres") is a an individual of Puerto Rican decent and therefore is a protected class. His permanent residence is located at 26 Elmer Drive in Chicopee, Hampden County Massachusetts. At all material times stated herein, Torres was an employee of the defendant USPS.

3. The defendant John E. Potter is an individual who is being sued in his official capacity as Postmaster General of the United States Postal Service, an independent government organization with a principal place of business at 475 Leufant Plaza, SW, Washington, D.C.

4. On or about February 7, 2002, after having sought informal counseling, the plaintiff filed a formal EEO complaint with the USPS, Case#. 1B-025-0003-02. On or about January 20, 2004, the plaintiff received a "Notice of Final Decision" finding that he had failed to prove that he was the subject of discrimination as alleged in his complaint.

5. The Plaintiff has complied with all administrative requirements of 29 C.F.R. 1614 st. seq. with respect to the filing and handling of the complaint for discrimination.

6. The Plaintiff commenced employment at the Priority Mail Processing Center (PMPC)



       with the USPS as a casual employee in 1998.

7. On or about December of 2001, Torres was speaking to two coworkers while working. His supervisor, Ana Pires who is of Portugese decent, pulled him aside and told him that he was not allowed to speak Spanish while working. Ms. Pires had chastised him on several occasions prior to this incident for speaking Spanish to coworkers.

8. Torres then protested this directive and told Ms. Pires that he was entitled to speak Spanish and that he was going to file an "EEO" complaint for discrimination.

9. Ms. Pires became visibly angry and told Torres that he "could do whatever he wanted". She then immediately moved him to a less desirable position.

10. Since advising Ms. Pires that he intended to pursue an EEO complaint, Torres was continually harassed by Pires. Ms. Pires began treating Torres poorly. She continually assigned him difficult work assignments. On one occasion she demanded that he stay until 4:30 a.m.. When Torres refused explaining that he could not work later because of child care issues, she told him "not to bother coming in the next day."Upon his subsequent return to work, Torres was informed that his employment was terminated effective immediately.

11. The plaintiff's termination was the direct result of his stated intention to file a complaint with the Equal Employment Office for discrimination based on Race and/or ethnic origin.

12. Other individuals of Hispanic decent were regularly told they could not speak Spanish while at work.

13. At the time of the events described in this complaint, the defendant employed individuals of Russian and Polish decent who regularly spoke in their native tongue while working. The defendant did not require that these individuals not converse in their native language and therefore treated employees of Hispanic decent, including the plaintiff, differently than other similarly situated employees.

14. By the acts described herein the defendant discriminated against the plaintiff based on his race and ethnic origin and retaliated against him for protected activities in violation of 42 U.S.C. §2000 ("Title VII").

15. By these acts the plaintiff, Alex Torres has suffered severe emotional distress as well as loss of income.

*WHEREFORE*, the plaintiff prays that this court enter judgement against the defendant, United States Postal Service; that he be made whole for all his injuries and losses; that he be awarded nominal, compensatory, and/or punitive damages, costs and attorney's fee, that the defendant be enjoined from engaging in such unlawful practices, and that the court order such other affirmative action of relief as may be appropriate.

## JURY DEMAND

The plaintiff demand trial by jury on all claims stated herein.

                    Respectfully Submitted

                    The Plaintiff,
                    Alex Torres
                    By his attorney,

By: _____
John Connor, Esq.
101 State Street, Suite 501
Springfield, MA 01103
(413) 827-0777 (Tel)
(413) 827-8867 (Fax)
BBO# 629185

March 31, 2004