```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


ALEX TORRES,                        )
        Plaintiff                   )
                                    )
     v.                             ) No. 04cv30065-MAP
                                    )
JOHN E. POTTER,                     )
Postmaster General,                 )
United States Postal Service        )
```

## ANSWER

The defendant, John E. Potter, Postmaster General, through his attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, answers the Complaint as follows:

1. The defendant admits that the plaintiff has brought a claim of discrimination under Title VII of the Civil Rights Act but denies that he states a viable discrimination claim.

2. As to the first and second sentences of paragraph 1, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof. As to the third sentence of paragraph 2, the defendant admits that the plaintiff was a "casual" employee of the United States Postal Service from on or about September 17, 2001, through on or about January 19, 2002.

3. The defendant admits paragraph 3.

4. As to the first sentence of paragraph 4, the defendant admits that the plaintiff filed a formal discrimination complaint after making initial contact with the Postal Service Equal

Employment Opportunity Office and that the complaint was assigned Agency Number 1B-025-0003-02, but denies that the formal complaint was filed on February 7, 2002.  The defendant admits the second sentence of paragraph 4.

    5.    The defendant denies paragraph 5.

    6.    The defendant denies paragraph 6.

    7.    The defendant denies paragraph 7.

    8.    The defendant denies paragraph 8.

    9.    The defendant denies paragraph 9.

    10.    As to paragraph 10, the defendant admits that Ana Pires informed the plaintiff on January 9, 2002, that he was required to work overtime until 4:30 a.m. and that if he refused to work overtime, he should not report to work the following day.  The defendant also admits that on January 19, 2002, the plaintiff's employment was terminated due to his failure to be regular in attendance at work.  The defendant denies the remaining allegations of paragraph 10.

    11.    The defendant denies paragraph 11.

    12.    The defendant denies paragraph 12.

    13.    As to paragraph 13, the defendant admits that it may have employed persons of Russian and/or Polish national origin during the time of the events alleged in the complaint.  The defendant denies the remaining allegations of paragraph 13.

    14.    The defendant denies paragraph 14.

15. The defendant denies paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff failed to exhaust his administrative remedies in a timely manner.

## THIRD AFFIRMATIVE DEFENSE

The defendant had legitimate and nondiscriminatory reasons for its actions.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate any damages claimed in this action.

## FIFTH AFFIRMATIVE DEFENSE

Punitive damages are not available against the defendant.

WHEREFORE, the defendant requests that the complaint be dismissed.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

            By:  /s/Karen L. Goodwin
                  KAREN L. GOODWIN
                  Assistant U.S. Attorney
                  1550 Main Street, Room 310
                  Springfield, MA 01103
DATED: June 25, 2004      (413) 785-0269

CERTIFICATION

   This is to certify that a copy of the foregoing was mailed this date, postage prepaid, to John Connor, Moriarty and Connor 101 State Street, Springfield, MA 01103.

                                          /s/Karen L. Goodwin
                                          Karen L. Goodwin